UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD L. BARTLETT, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | )   CIVIL ACTION NO. |
| VS. | ) |
| | )   3:09-CV-1480-G |
| GREGORY L. WILEMON d/b/a | ) |
| FARPOINTE CELLARS, ET AL., | )   **ECF** |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is a notice of removal filed by the defendants.  The defendants filed this notice after several of the defendants filed for bankruptcy.  The court now considers whether the Local Rules for the Northern District of Texas require it to refer this case to the bankruptcy judge presiding over the related bankruptcy proceedings.  For the reasons discussed below, the court refers this case to Bankruptcy Judge Stacey G. C. Jernigan.

### I.  BACKGROUND

The plaintiffs, Donald L. Bartlett & Bartlett Real Estate Ltd. ("Bartlett" or "the plaintiffs"), filed suit against the defendants in a district court of Dallas County on June 11, 2009.  Notice of Removal of State Civil Action Pursuant to 28 U.S.C.

§§ 1334(b) and 1452 filed by Gregory L. Wilemon, O&W General Partner, LLC, WBO General Partner, LLC, O&W Enterprises, L.P. and WBO Enterprises, L.P. ("Removal") ¶ 1.  On July 8, 2009, one defendant, Gregory L. Wilemon ("Wilemon"), filed cross claims against several of the other defendants, O&W General Partner, LLC, WBO General Partner, LLC, O&W Enterprises, L.P., and WBO Enterprises, L.P.  *Id.* ¶ 2.  On July 10, 2009, all four of the defendants against whom Wilemon filed cross claims filed for protection under Chapter 11 of the Bankruptcy Code.  *Id.* ¶ 4.  These bankruptcy proceedings are pending in the United States Bankruptcy Court for the Northern District of Texas.  *Id.* The four cases have been administratively consolidated and are all now pending before the Honorable Judge Stacey G.C. Jernigan.  *Id.*

## II.  ANALYSIS

According to 28 U.S.C. § 157(a), each district court may provide that proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.  The Northern District of Texas has so provided.  LOCAL RULE OF THE NORTHERN DISTRICT OF TEXAS CONCERNING BANKRUPTCY CASES AND PROCEEDINGS, MISCELLANEOUS ORDER NO. 33.  Here, the defendants argue that this case is a "core proceeding."  Removal ¶ 5. A proceeding is "core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

*Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987). The defendants assert that this proceeding is core because the plaintiffs have claims against the bankruptcy estates of the defendants in bankruptcy. Removal ¶ 5. Under 28 U.S.C. § 157(b)(2)(B), a claim against a bankruptcy estate is a core proceeding. However, in *Wood*, the Fifth Circuit pointed out that not every cause of action asserted against a bankruptcy estate is a "claim" under § 157(b)(2)(B). 825 F.2d at 97. Rather, a "claim against the estate is instituted by filing a proof of claim as provided by the bankruptcy rules." *Id.* Where the essential issue is whether the defendants are liable to the plaintiffs under state law, the proceeding is not "core." *Id.* at 98. Based on this reasoning, the court held that a state contract action which, had there been no bankruptcy, could have proceeded in state court, was not a core proceeding. *Id.* at 97.

Here, the plaintiffs' claims against the defendants are (1) breach of contract, (2) conspiracy to commit fraud, (3) tortious interference with a contract, and (4) the seeking of a declaratory judgment. Removal ¶ 5. These claims are merely state law claims that could proceed in state court. They are therefore precisely the types of claims that *Wood* holds are not core proceedings. However, the court may still refer this matter to the bankruptcy judge if the case is "related to" the bankruptcy case. *Wood,* 825 F.2d at 93. A case is "related" to a bankruptcy proceeding so long as "the outcome of [the non-bankruptcy] proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Id.* (emphasis in original) (quoting *Pacor,*

*Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).  The Fifth Circuit has held that the assertion of "state law tort claims can affect the debtor's bankruptcy estate by decreasing the amount of available assets . . . if the stay is lifted and litigation pursued."  *Matter of TIC United Corporation*, 194 Fed. Appx. 187, 188 (5th Cir. 2006). Thus, "the outcome of [the state court] proceeding could conceivably have [an] effect on the estate being administered in bankruptcy."  *Id.* (citing *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999)).  Here, it is equally conceivable that the plaintiffs' suit against the defendants could decrease the amount of available assets remaining in the bankruptcy estates of the four defendants in bankruptcy.  Thus, the court concludes that this case is related to the pending bankruptcy proceedings in the Northern District of Texas.  Under Local Rule Miscellaneous Order No. 33, the court therefore refers this case to the Honorable Judge Stacey G.C. Jernigan.

### III.  CONCLUSION

For the reasons discussed above, this case is **REFERRED** to the **Honorable Stacey G.C. Jernigan**.

**SO ORDERED**.

August 14, 2009.

> _____
> **A. JOE FISH**
> **Senior United States District Judge**